UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LANHAM FORD, INCORPORATED, d/b/a
Darcars Ford,
*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY,
*Defendant-Appellee.*

No. 03-1840

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-02-4129-8-PJM)

Argued: May 6, 2004

Decided: June 8, 2004

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Brad D. Weiss, CHARAPP & WEISS, L.L.P., Washington, D.C., for Appellant. David Adam Last, SUTHERLAND, ASBILL & BRENNAN, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Jennifer L. Rasile, CHARAPP & WEISS, L.L.P., Washington, D.C., for Appellant. Nicholas T. Christakos, SUTHERLAND, ASBILL & BRENNAN, L.L.P., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellant Lanham Ford, Inc. (Lanham) seeks review of the district court's denial of its motion to remand to state court and dismissal of its lawsuit against appellee Ford Motor Company (Ford). After Ford notified Lanham that it intended to terminate Lanham's Ford franchise on the basis of poor sales performance and personnel turnover, Lanham invoked its right under its Dealer Agreement with Ford to appeal any franchise termination decision to the Ford Policy Board. The Policy Board, however, ultimately rejected Lanham's claims.

Dissatisfied with this result, and claiming that its right under the Dealer Agreement to a full, fair and objective hearing before the Policy Board had been violated by the Board's refusal to grant Lanham access to discovery of Ford documents, Lanham brought suit seeking declaratory and injunctive relief against Ford in Maryland state court. In particular, Lanham sought in its lawsuit to compel Ford to grant Lanham a new hearing before the Ford Policy Board, and to enjoin termination of the franchise pending the outcome of such hearing.

Ford then removed the case to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441, asserting that the district court had diversity jurisdiction over the parties. Lanham subsequently filed a motion for remand to state court. Ford answered not only by opposing remand, but also by moving for dismissal under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. After a hearing, the district court issued an order and memorandum opinion denying Lanham's motion to remand, but granting Ford's motion to dismiss. On Lanham's appeal from both of these adverse rulings, we affirm.

### I.

Because the parties to this lawsuit are citizens of different states, the district court's denial of Lanham's motion to remand must be

affirmed provided "the matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a). The district court held that the "amount in controversy" requirement was satisfied, reasoning that the object of the litigation was the dealership itself and that the value of the dealership was more than $75,000.

The district court erred in its conclusion that the object of the litigation was the dealership itself. Though it is doubtless true that Lanham's ultimate strategic goal is to retain the dealership and the Ford Motor franchise, the object of the present litigation is narrower than this goal. In the present litigation, Lanham seeks only a new hearing before the Policy Board, with rights of full discovery, and an injunction against termination of the franchise pending completion of this new hearing. This requested relief, and not the dealership itself, constitutes the object of the present litigation.

While the value of a new hearing and temporary reprieve from termination of the franchise pending completion of that hearing is not as readily apparent as the value of a new car with a price tag affixed, we reject the notion that this value is "'too speculative and immeasurable to satisfy the amount in controversy requirement,'" Appellant's Br. at 17 (quoting *Gonzalez* v. *Fairgale Properties Co.*, 241 F. Supp. 2d 512, 518 (D. Md. 2002)). From Lanham's perspective, the value of this requested relief is the sum of (i) the value to Lanham of the right to operate its Ford franchise until completion of a new hearing, and (ii) the value to Lanham of the hearing itself, which is roughly equivalent to Lanham's chance of success at retaining its franchise by going through this hearing, multiplied by the value of Lanham's franchise as a going business concern.

We could remand to the district court for findings as to the value of each factor in this equation. But we do not believe that such is necessary. Given that Lanham is a sizeable dealership, with total sales in 2002 in excess of $56 million and gross profits for that year in excess of $7 million; the district court's sound factual finding that Lanham has a positive net worth when business goodwill is taken into account, J.A. 210-12; and the likelihood that the completion of a new hearing on the terms Lanham requests would take several months at least, *see* J.A. 89, we are confident that the value which would be yielded by the above-described formula would be in excess of $75,000. In the

unlikely event that the value of the right to operate for several additional months would not, by itself, exceed the jurisdictional threshold, certainly the value of that right *plus* the value of the chance to retain its franchise through pursuit of a new hearing would raise the amount in controversy to a level in excess of the $75,000 required. Accordingly, albeit on the alternative grounds described, we affirm the district court's order denying Lanham's motion to remand.

## II.

Having determined that the requirements for subject matter jurisdiction are met, we turn briefly to the merits of this case. The district court dismissed Lanham's claims against Ford on the basis that none of Lanham's contentions respecting the alleged unfairness of the Policy Board hearing stated a cause of action either for breach of the Dealer Agreement or for breach of Maryland law:

> Summing up, however minimal the Policy Board's procedures may have been, however informal the hearing before the Board may have been, Ford Motor complied with all procedures agreed upon by the parties. The Court cannot require Ford Motor to do more. Accordingly, Ford Motor's Motion to Dismiss will be GRANTED.

J.A. 214. After considering the Dealer Agreement itself and the arguments raised by the parties, we can find no fault with the district court's justification for ordering dismissal.

## CONCLUSION

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED*